E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | | |
|---|---|---|
| Kevin Coit | ) | Case No. _____ |
| _Plaintiff(s)_ | ) | _(to be filled in by the Clerk's Office)_ |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) | |
| -v- | ) | |
| | ) | |
| Sorber | ) | |
| _Defendant(s)_ | ) | Jury trial demand |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | ) | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

The Clerk will not file a civil complaint unless the person seeking relief pays the entire filing fee (currently $350) and an administrative fee (currently $50) in advance, or the person applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915. A prisoner who seeks to proceed in forma pauperis must submit to the Clerk (1) a completed affidavit of poverty and (2) a copy of the trust fund account statement for the prisoner for the six month period immediately preceding the filing of the complaint, obtained from and certified as correct by the appropriate official of each prison at which the prisoner is or was confined for the preceding six months. See 28 U.S.C. § 1915(a)(2).

If the Judge enters an order granting a prisoner's application to proceed in forma pauperis, then the order will assess the filing fee (currently $350) against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct an initial partial filing fee equal to 20% of the greater of the average monthly deposits to the prison account or the average monthly balance in the prison account for the six-month period immediately preceding the filing of the complaint, as well as monthly installment payments equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00, until the entire filing fee has been paid. See 28 U.S.C. § 1915(b). **A prisoner who is granted leave to proceed in forma pauperis is obligated to pay the entire filing fee regardless of the outcome of the proceeding, and is not entitled to the return of any payments made toward the fee.**

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name: Kevin Coit

All other names by which you have been known:

ID Number: KX2601

Current Institution: Phoenix

Address: 1200 MokyChic drive
Collegevill    PA    19426
*City*    *State*    *Zip Code*

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1
Name: Jaime Sorber
Job or Title *(if known)*: Super intendent
Shield Number: unknown
Employer: Department of Corrections
Address: 1200 MokyChick drive
Collegeville    PA    19426
*City*    *State*    *Zip Code*
[✓] Individual capacity  [✓] Official capacity

Defendant No. 2
Name: Charles hensley
Job or Title *(if known)*: Deputy
Shield Number: unknown
Employer: Department of Corrections
Address: 1200 MokyChick drive
Collegeville    PA    19426
*City*    *State*    *Zip Code*
[✓] Individual capacity  [✓] Official capacity

Defendant No.

Name — Calpino

Job title — unit Manager

Shield Number — unk

employer — department of Corrections

address — 1200 Moky Chic drive

Collegeville PA — PA — 19426
City — State — Zip Code

☑ individual Capacity    ☑ official Capacity


defendant No.

Name — terra

Job title — deputy

Shield Number — un

employer — department of Corrections

address — 1200 Moky Chic drive

Collegeville — PA — 19426
City — State — Zip Code

☑ individual Capacity    ☑ official Capacity


defendant No.

Name

Job title

Shield Number — Hernandez

employer — Parole Supervisor

Address — ~~unk~~ department of Collections

1200 Moky Chic drive

Collegeville — PA — 19426
City — State — Zip Code

☑ individual Capacity    ☑ official Capacity

Defendant No. 1
Name                          Spivey
Job title                     Lieutant
Shield Number                 unk
employer                      department of collections
address                       1200 Mokychic drive

Collegeville          PA              19426
City                  State           Zip Code

☑ individual Capacity    ☑ official Capacity

defendant No.
Name                          Koehler
Job title                     inmate account Supervisor
Shield Number                 UNK
employer                      ~~1200 Mokychic drive~~ Cob department of collections
address                       1200 Mokychic drive

Collegeville          PA              19428
City                  State           Zip Code

☐ individual Capacity    ☐ official Capacity

defendant No.
Name
Job title
Shield Number                 Sealas
employer                      ☑ Mailroom Supervisor
Address                       UNK
                              1200 Mokychic drive

Collegeville          PA              19426
City                  State           Zip Code

☑ individual Capacity    ☑ official Capacity

Defendant No. 1

Name      Gillards

Job title      C/O 1

Shield Number      UNK

employer      department of Corrections

address      1200 MoKyChic drive

Colleyeville      PA      19426
City      State      Zip Code

[X] individual Capacity      [X] official Capacity

defendant NO.

Name      Klemus

Job title      Sgt

Shield Number      UK

employer      department of Corrections

address      1200 MoKyChic drive

Colleyeville      PA      19426
City      State      Zip Code

[X] individual Capacity      [X] official Capacity

defendant No.

Name

Job title

shield Number

employer

Address

Nyce

Lieutant

UK

1200 MoKyChic drive

Colleyeville      PA      19426
City      State      Zip Code

[X] individual Capacity      [X] official Capacity

Defendant No. 0

Name                           Oliveri

Job title                      Captain

Shield Number                  A U/K

employer                       department of Corrections

address                        1200 Mokychic drive

        Collegeville           PA              19426
        City                   State           Zip Code

☑ individual Capacity          ☐ official Capacity


defendant No.

Name                           grushkow

Job title                      U/K

Shield Number                  N/A

employer                       department of Correction

address                        1200 Mokychic driv

        Collegeville           PA              19426
        City                   State           Zip Code

☑ individual Capacity          ☑ official Capacity


defendant No.

Name

Job title

shield Number

employer

Address

        City                   State           Zip Code

☑ individual Capacity          ☑ official Capacity

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

Defendant No. 3
    Name                        orlando
    Job or Title *(if known)*     Grievance Coordinator
    Shield Number            uK
    Employer              department of Corrections
    Address               1200 Mukychick drive
                        Collegeville      PA     19426
                            *City*        *State*    *Zip Code*
                [✓] Individual capacity   [ ] Official capacity

Defendant No. 4
    Name                   K    owens
    Job or Title *(if known)*     Grievance Coordinato
    Shield Number            uK
    Employer              department of Corrections
    Address               1200 mokychick drive
                        Collegeville      PA     19426
                            *City*        *State*    *Zip Code*
                [✓] Individual capacity   [ ] Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),* you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    [ ] Federal officials (a *Bivens* claim)

    [✓] State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Cruel & unusual Punishment, unconstitutional conditions of confinement denial of education 1st amendment retaliation ~~1st~~ denial to practice religioun intimate association delbrate indrence due process

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens,* what constitutional right(s) do you claim is/are being violated by federal officials?

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐    Pretrial detainee

☐    Civilly committed detainee

☐    Immigration detainee

☑    Convicted and sentenced state prisoner

☐    Convicted and sentenced federal prisoner

☐    Other *(explain)* _____

## IV.    Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

in the easten district of pennsylvania

complaint

1. plaintiff arrived at state correctional institution ( s.c.i. ) phoenix on 10/22/20 as a phase one (1) inmate from the behavioral management unit ( b.m.u ).

2. on or about 10/22/20 plaintiff was placed in a single cell in the diversonary treatment unit ( d.t.u. ) on quaritine despite there being two (2) units in general population for quaritine when plaintiff asked why was being placed in a level five housing status defendant calpino stated that the deputies did not want plaintiff to get to comfortable.

3. on or about 10/22/20 once plaintiff was placed inside of the cell inside the (d.t.u. ) plaintiff was seen again by defendant calpino and other staff that were part of plaintiff treatment team at (s.c.i.) phoenix at this point plaintiff asked defendant calpino who was leading the conversation plaintiff asked about his privillages defendant calpino stated that he will make that determination but first he wants plaintiff to kno who is in charge because plaintiff has an extensive history of filing grievances on staff and that plaintiff filing grievances and lawsuits around here does not mean anything because they stick together.

4. on or about 10/23/20 plaintiff was scheduled for a video visit bt was not able to participate due to unauthorized placement in a level five housing unit at this time plaintiff did not have any dc/ac time pending nore did plaintiff ever receive a dc 141 part2 giving a reason why plaintiff was housed in a level five setting.

5. on or about 10/23/20 plaintiff spoke to defendant calpino about being denied visits defendant stated well mr.coit this can only work one way and that is my way you have an open case for a assault and active lawsuits so unless they disappear you will not have the luxurey of visits or yard or any other thing while you are down here and i have full support from the deputies and sorber on this.

6. on or about 10/27/20 plaintiff was pulled from his cell to be reviewed by the program review commitee ( p.r.c. ) during this meeting plaintiff asked defendant hensley and defendant calpino why was plaintiff still in a level five stting with no proper placement on ac status and with no privillages i.e yard mental health groups or individual sessions with physch , or any visits plaintiff was told by both defendants that they can do as they please and both defendants laughed at plaintiff and told plaintiff whenever he did get a visit to let him know so they can fix it and had plaintiff removed from the meeting.

7. on or about 11/5/20 plaintiff was again pulled from his cell to be reviewed by ( p.r.c. ) plaintiff again asked why was he housed in a level five unit with no misconduct or proper placement on ac status defendants automatically had plaintiff removed and filed a ( p.r.c. ) action sheet saying plaintiff was overly aggressive and make threats to file a lawsuit if defendants did not comply with department of corrections policies.

8. on or about 11/6/20 plaintiff was scheduled to have a visit but again was denied due to the ongoing issues and plaintiff's inability to drop grievances in drop box plaintiff gave several grievances to c/o's to

place into the grievance box plaintiff never received a response for this grievance nor for the request slips plaintiff submitted to defendants calpino,hensley or spivey see exhibits 1-a-e

9. on 11/15/20 plaintiff was again scheduled to have a visit and again was turned down due to not ever receiving a response for grievance plaintiff filed on 11/6/20 plaintiff filed another grievance # 899548 grievance was assigned to defendant spivey who justified the denial of visit on technical difficulties but never fully addressed plaintiff grievance.

10. rom 10/22/20 until at least 11/24/20 plaintiff had made several submissions of request slips about staff violating plaintiff due process like being placed in level five without causes and being denied basic human needs and rights.

11. on or about 11/24/20 plaintiff expressed to multiple c/o's that because of the way plaintiff was being treated plaintiff was begining to feel depressed and suicidal but the staff on the residental treatment unit ( r.t.u. ) took no actions to offer plaintiff any help instead only encouraged plaintiff's suicidal feeling by telling plaintiff to go ahead and kill himself at this point plpaintiff broke window and ised glass to cut himself with the glass multiple c/o's walked past plaintiff door and saw blood on window but refused to do anything plaintiff was left in his cell for hours bleeding from cuts .

12. on or about 11/24/20 after plaintiff was left in his cell for hours plaintiff was finally offered medical and mental health care after plaintiff was reviewed plaintiff was placed into the ( p.o.c. ) plaintiff spoke to defendant gloshkow and told him and other staff that plaintiff no longer wanted to be in population because plaintiff was being targeted by staff and being denied a fair chance at trying to make his programs for parole and his visits were being denied ect. defendant gloshkow assured plaintiff he would get plaintiff in his programs for parole help plaintiff get into his g.e.d classes and get his visits if plaintiff just let him release him from the p.o.c plaintiff agreed.

in the eastern district of pennsylvania

13. on or about 11/27/220 plaintiuff was scheduled for a video visit but was denied this visit even though this visit was scheduled to help plaintiff cope with the loss of brother to the covid-19

14. on or about 12/1/20 plaintiff was placed back on golf block after being released from p.o.c plaintiff submitted several cash slips for the courts and to order family gifts for the holidays due to religious beliefs and to send family money for the holidays the money for the courts were for legal copies for coit v luther 1:19-cv-2036 all of plaintiff cash slips were denied under a false pretense that if a prisoner wanted to send money out or order gifts that the person has to be active on a prisoners vising list.

15. on or about 12/8/20 plaintiff resubmitted cash slips only to be rejected again see exhibit

_____.

16. on or about 12/18/20 plaintiff received a letter from his attorney stating that he has received plaintiff letter but all his attempts to set a video confrence up with plaintiff has been futile plaintiff spoke to the corrections counsolor who told plaintiff there was nothing she could do because that was the grievance coordinators responsibility.

17. on or about 12/22/20 plaintiff was begining to feel hopeless due to the continual denial of privilages plaintiff had submitted several request slips to d.o.c employees asking about the status of plaintiff parole,mandatory programs i.e violence prevention and plaintiff mandatory g.e.d classes, and visits mostly all of plaintiffs request slips went unanswerd because of this plaintiff was suicidal and plaintiff began to cut his wrist with a razor plaintiff told c/o john doe that he was bleeding and again was left in his cell bleeding defendant lt nyce approached plaintiff door told plaintiff that if he had to do any work plaintiff would surely regret how it would play out despite defendant nyce seeing plaintiff bleeding because plaintiff showed nyce plaintiff was bleeding  when defendant nyce came to plaintiff door defendant nyce walked away and left plaintiff bleeding offering no mental or medical help.

18. on or about 12/22/20 plaintiff was seen by defendant gloshkow about his placement into the p.o.c plaintiff informed defendant gloshkow that because staff were denying plaintiff almost everything that he might as well go back to the b.m.u because the conditions plaintiff was in was only making plaintiff feel worse and often suicidal plaintiff told defendant gloshkow that plaintiff was filing grievances,request slips and tried multiple ways to tell all the defendants what plaintiff needs were but got nowhere defendant gloshkow stated look mr.coit i really do not care about all of the extra stuff its the holidays i'm just tring to get home i really do not feel like doing alot of work so just say you are fine so i can discharge you to the hole plaintiff asked why would he b going to the hole for self mutilation defendant gloshkow stated because that is were we want you plaintiff proceeded to pull a razor out and showed defendant gloshkow defendant gloshkow stated that he did not see anything so i might as well not waste his time with the b.s if plaintiff really wanted things to get better plaintiff could just withdraw some of his grievances and just walked away from plaintiff door even though plaintiff was admitted for using a razor to cut himself with.

19. on or about 12/23/20 plaintiff was seen by defendant sorber and defendant deputy terra plaintiff

explained to sorber what was going on defendant sorber stated look mr.coit it does not matter about your parole status you will not be receiving our recommendations anyways since you have got here all you have done is file grievances and complain about you not receiving anything in relation to you programs you might as well consider yourself as good as maxed out from sci phoenix unless some of those grievances disappear and as for you visits lets consider this an in house punishment.

20. on or about 12/28/20 defendant gloshkow released plaintiff to the d.t.u and told the c/os that plaintiff was to b placed in a hard cell this placement was completly unnessacery due to plaintiff already being in the p.o.c for almost a week and a half but defendant gloshkow temporarly completely removed plaintiff from his b.m.u placement i.e not allowing plaintiff his b.m.u privillages such as his t.v,tablet,personal property plaintiff was in a camara cell with no out of cell time plaintiff was being punished for engaging in self harm when plaintiff asked for his property the c/os told plaintiff he no longer had any property and that defendants captain oliveris and calpino were going to make sure of this when plaintiff received his property plaintiff was missing shoes t.v ect. see grievance 908215 plaintiff shoes were trashed without any due process plaintiff did not receive a copy of confiscation slip until after plaintiff submitted grievance about missing property plaintiff appealed this grievance to defendant sorber but never received a response to appeal

In the Eastern District of Pennsylvania

Complaint

21. On or about 12/29/20 plaintiff submitted several request slips to defendants Oliveris, Calpino inquiring about status of missing property. i.e. why plaintiffs property was taken, and why after plantiff was cleared by PRC and PRT, was plaintiff in a hard cell despite what policy states defendants told plaintiff he can not have his property because plaintiff had a misconduct for cutting up. Plaintiff was left in this cell for 3 to 4 days without hygiene items to wash or shower properly. While plaintiff was in the hard cell, defendants completely violated plaintiffs rights by temporarily removing plaintiff from BMU priviledges which constitutes violation of equal protection

22. On or about 12/29/20 defendant had a misconduct hearing for self harm. Misconduct was dismissed. After plaintiffs misconduct was dismissed, plaintiff asked for his personal property. i.e. tv, tablet, shoes, and all phase 1 priviledged in accordance to DC. ADM. 13.8.1 sec. 12. Defendant Calpino told staff to tell plaintiff since he filed a grievance on him, he can wait and ask PRC and he could say what he wants to who he wants to plus he sent  plaintiffs property down to main property room so plaintiff will not be recieving anything any time soon while he was down there.

23. on 12/31/20 plaintiff submitted grievance number 908215 and a copy of plaintiffs dc 153 inventory sheet to show that the property was on plaintiff property sheet thus plaintiff complied with dc adm 804 stating any inmate filing a grievance about missing property must provide these documents to show that the inmate once had possession of the item(s) missing. Plaintiff did this and his grievance was denied on 1/20/21/. Plaintiff appealed and recieved no responce from facility manager.

24. on 1/5/21 plaintiff submitted a request slip to ms. owens asking about the status of inmate pink copies because plaintiff has been submitting grievances and not getting his pink copies back and that plaintiffs request slips were not being answered to acknowledge reciept of grievances. Plaintiff never recieved a response to this or any other request slips.

25. on 1/8/21 plaintiff had court for a pending criminal case and was denied a chance to participate in his hearing. When plaintiff asked unit manager about this, she told plaintiff that she was under alot of heat and that the higher ups made this recommendation. Plaintiff filed grievance number 909901. As of the filing of this complaint, plaintiff has not recieved a response for this grievance.

26. on 1/9/21 plaintiff again wrote a request slip to one of the grievance coordinators because he was told by ms. orlando that he should have never filed several grievances. Plaintiff never recieved a response for that request.

1

27. on or about 1/13/21 plaintiff hit his emergency response button and told c/o john doe that plaintiff was feeling suicidal and that plaintiff wanted to go to the POC. The C/O became very aggressive and told plaintiff if he has to do work, plaintiff would not like it. Plaintiff filed a grievance and did not recieve anything back from defendants owens or orlando.

28. On or about 1/13/21 during unit recreation plaintiff spoke to defendant spivey about visits that were scheduled for 1/14/21 and 1/21/21. During this conversation, plaintiff informed defendant spivey that plaintiff has been here for several months and has yet to recieve any visits. Defendant Spivey told plaintiff since he filed a grievance 899548 of her not doing her job, she would not be doing anything for plaintiff unless that grievance completely disappears.

in the eastern district of pennsylvania

27. on 1/15/21 plaintiff received mail back which was addressed to the courts this had been the fourth time that this had happend defendant sealas stated that legal mail had to have the institutions personal address to send mail out plaintiff wrote defendant a request slip telling defendant that the jail does not provide blank envolopes for plaintiff to do that and plaintiff had u.m oliveri send defendant sealas an email while plaintiff was in ms.oliveri office and made a phone call to see if defendant was in the office defendant sealas was in the office and told u.m oliveri that if plaintiff needed blank envolopes plaintiff had to purchess them off of commissary plaintiff told ms.oliveri that this was a time sensitive matter due plaintiff discovery period coming to an end and that plaintiff had to send these envolopes out for plaintiff criminal cases as well ms.oliveri informed plaintiff that defendant sealas told her that is not their problem and if plaintiff wanted to plaintiff could file a grievance plaintiff did file a grievance # 910761 plaintiff never received a response for this grievance.

28. on 1/17/21 plaintiff was scheduled to participate in law library sessions but was never called out plaintiff showed c/o john doe a request slip plaintiff had from librian shan to include plaintiff in the law library session but the c/o told plaintiff that defendant deputy terra made it explicatly clear nobody goes to the law library without a pass plaintiff wrote defendant terra a request slip about pending litigation and criminal charges plaintiff had defendant has still not responded to plaintiff request as of the filing of this litigation plaintiff submitted a grievance # 910765 plaintiff has not received his respose to tyhis grievance as of the filing of this litigation.

29. on 1/18/21 plaintiff submitted grievance# 910767 about not getting responses to grievances that plaintiff has submitted or that plaintiff has placed into drop box but has not been processed and that defendant owens and defendant orlando had previously told plaintiff that grievances get lost at this prison espeacially for people who causes trouble.

30. on 1/19/21 plaintiff submitted several request slips to mrs. orlando and mrs.owens asking about the status of plaintiff grievances plaintiff has not received a response as of the filing of this litigation.

31. on 1/20/21 due to plaintiff missing law library on 1/17/21 plaintiff had requested to speak to correctional counsolor smith palintiff was given that chance plaintiff had explained to ms.smith what had happend ms.smith contacted mrs.shan who then placeds plaintiff on the call out for 1/21/21.

32. on 1/20/21 plaintiff also spoke to ms.smith about plaintiff seeing parole due to plaintiff being scheduled to being released from his b.m.u placement and that the program automatically removed all plaintiff d.c time defendant hernandez told her that that is not important i will not see parole untill next year because plaintiff had to many misconducts.

33. on 1/21/21 plaintiff again wrote defendant orlando a request slip because there were no inmate appeals to the facility manager on the blocks or inmate appeals to final review mrs.orlando told plaintiff to file the appeals on regular paper and submit however as the facility grievace coordinator he job is to ensure that the grievance process is adhired to palintiff has not received a response to this request slip

as of the filing of this litigation.

34. on 1/22/21 plaintiff wrote a request slip to defendant hernandez asking him why would plaintiff not be scheduled for parole until november of 2022 defendant response was as he told ms.smith plaintiff had to many misconducts.

35. on 1/24/21 plaintiff wrote defendant owens and defendant orlando telling them that the c/o's are threatening to write plaintiff up if he does not withdraw grievances on staff shortly after plaintiff spoke to defendant orlando about these threats defendant orlando told plaintiff that withdrawing plaintiff grievances was what she recomended.

36. on 1/20/21 plaintiff was forced to withdraw grievance# 910377

37. on 1/25/21 plaintiff filed another request slip to defendant orlando informing her that there are no inmate appeals on the housing unit plaintiff never received a response and still after the filing of this litigation there are no inmate appeal on the housing unit.

38. on 1/31/21 plaintiff hit his emergency button at apptx 12 pm because plaintiff was feeling suicidal defendant gillards who was working the residental treatment unit ( r.t.u ) for the 6-2 shift asked plaintiff what was the problem plaintiff told defendant that he was depressed and wanted to speak to a pshch and go to the p.o.c defendant gillards stated go ahead and kill yourself that is what you deserve for being a snitch then told plaintiff that he should have never filed that grievance on ms.oliveri and i'm going to make an example out of you plaintiff was left in his cell cutting up from the time he hit his call button util around 2:15 pm before defendant left the block defendant told plaintiff if he reports any of this plaintiff would be written up and when he went to the hole plaintiff would be in alot more trouble so plaintiff ended up refusing all treatment and told the staff that nothing had happend due to plaintiff fear of retaliation.

in the eastern district of pennsylvania

39. on 2/1/21 plaintiff submitted grievance# 913077 in regards to defendant gillards actions on 1/31/21 defendant nyce responded to plaintiff grievance on 2/9/21 with no date to indicate when was the interview conducted that medical records were reviewed and simply stated that plaintiff is a liar with no supporting evidence as to say that plaintiff claims were untrue defendant nyce goes on to say that plaintiff was seen or could have seen pysch and again does not support claims plaintiff submitted appeal on blank sheet of paper as directed by defendant orlando and failed to receive a response for the inmate appeal.

40. on 2/8/21 plaintiff received mail back because plaintiff did not put an address on cash slip to send out regular mail stating cash slip had been incomplete.

41. on 2/8/21 after several months of patiantly waiting plaintiff submitted grievance # 914365 because plaintiff was not being able to review medical records or mental health records for his active litigation coit v. luther 1:19-cv-2036 plaintiff had filed numerous request slips to no availability plaintiff never received a response for this grievance either.

42. on 2/10/21 plaintiff submitted a request slip to inform defendant orlando and defendant owens that the staff were failing to sign,date or to properly address every issue in grievances# 908215,913077 and the other grievances i did get a response for.

43. on 2/12/21 plaintiff received a response from defendant koehler stating that the inmate handbooks and dc adm policies state that an inmate can only have funds deducted from accounts to send to family.

44. on 2/13/21 plaintiff submitted a response and an attachment of all the policies defendant koehler was making a referance to and none of the policies stated that as a fact.

45. on 2/16/21 plaintiff was in his cell when search team opened plaintiff door and roughly put handcuff on plaintiff plaintiff asked what was this for and the c/o said listen shut the fuck up captain oliveris said that if u don't withdraw that grievance you have on gillards this is what u can expect from now on so come on lets go for a walk when plaintiff returned to his cell the c/o's were conducting the cell search in my absence dispite what dc adm 203 states about inmate being present during a search during this search my headphone were broken and my food was torn open plaintiff filed a grievance but plaintiff never received anything back on this grievance.

46. on 2/20/21 plaintiff filed a request slip to defendant owens about still not receiving a response for grievances 910761,910765,910768,909901,910377 plaintiff never received a response to this request slip

47. on 2/22/21 plaintiff again received back mail stating plpaintiff cash slips were incomplete but plaintiff again had complied with dc adm 803 rules.

1

48. on 3/2/21 plaintiff wrote defendant sorber a reqeust slip asking about the visits because plaintiff was unable to get his virtual visits fixed by defendant spivey plaintiff has not received a response for this request slip as of the filing of this compliant.

49. on 3/2/21 plaintiff write defendant sorber a request slip asking why was the inmate accounts denying prisoners to send funds home to family defendant sorber did not reply to this request slip.

50. on 3/11/21 plaintiff was seen by medical to review records but was denied the chance obtain copies because jane doe was told by her supper visor plaintiff could not receive copies because plaintiff was pro-se.

in the middle district of pennsylvania

complaint

51. on or about 3/22/21 plaintiff submitted a grievance because plaintiff was not recieving medical treatment for back pain, headaches, or to be seen by eye doctor. Plaintiff submitted several sick calls and has yet to be seen by doctors for any of the underlying conditions.

52. on 3/23/21 plaintiff was finally scheduled for sick call. As plaintiff was going to sick call, plaintiff was approached by defendant SGT. Klemas. Defendant Klemas, for the fourth time, haggled plaintiff about his jacket. Defendant told plaintiff that since he filed a grievance on Orlando refering to grievance number 910767, that if plaintiff didn't withdraw it, he would write plaintiff up for lying to an employee. Plaintiff immediately reported this to Unit Manager Oliveri. Oliveri told plaintiff, she would take care of it.

53. on 3/23/21 Plaintiff Submitted grievance # 920589 about being threatend by Sgt Klemas on 3/24/21 Plaintiff was pulled from his Cell By a John doe C/o who told Plaintiff look you seem like an OK guy but here is the deal when you get your response to the grievance you filed on Klemas dont Pursue it i heard he is really good friends with Nyce and Sorber or you Can pursue it and go to the hole

54. on 3.25.21 3.27.21 Plaintiff received response for grievance # 920589 None of Plaintiff issues were address in this response Nor was grievance response appropriately submitted and filed there are No Signitures No dates No titles of grievance officers this is a Constant due Process Violation by K. owens and orlando due to being denied Sickcall My headaches Medications have been dis Continued

55. on 3.16.21 Plaintiff again Submitted request to deputy terra requesting additional law library time due to having a May deadline for litigation Coit v. Luther 1:19-cv-2036 defendant told Plaintiff he would, ensure he got over to law library but Plaintiff Never got to go at Atl

C.  What date and approximate time did the events giving rise to your claim(s) occur?

From 10·22·20  untill 3·29·21

D.  What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

## V.  Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.  Plaintiff had Cuts, back Pains, headaches,

## VI.  Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.  attorney Fees, Punitive damages monetary damages, Compensatory damages, Court Cost, Fines, expenses for litigation and any relief the Courts deem Just and imidate Parole

**VII.   Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

SCi Phoenix

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

All

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.   If you did file a grievance:

1.   Where did you file the grievance?

Sci Phoenix

2.   What did you claim in your grievance? Cruel and unusual Punishment unconstitutional conditions of confinement, retaliation, due process, equal protection intimate association, denial of Mandatory programming, denial of education denial to practice religion, deliBrate indifference, failure to train, failure to supervise, Access to the courts denial

3.   What was the result, if any? Plaintiff Submitted By Placing in grievance box Never received Nothing back No pink copy with tracking number Nor No responses to appeals submitted to Facility Manager

4.   What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*
Plaintiff wrote request spoke to grievance coordinator Mrs orlando and ~~Bowen~~ Owens and was told they Never received grievances even though Plaintiff Personally Placed them in box even after was told this Plaintiff resubmitted well rewrote grievances And got Nothing

F.   If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here:

2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any: Plaintiff spoke to several deputies terra, Siple Plaintiff spoke to sup scriber unit manager ~~as~~ Oliveri

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. Plaintiff submits grievances, request slips, to show Plaintiff made numerous attempts to get ~~medical treatment~~ grievances addressed properly or to even get a response for grievances submitted in addition People besides grievance ~~cood~~ coordinator has keys to grievance box

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes
☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights)

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s)   *Kevin Cut*

Defendant(s)   *v J P Luther*

2.  Court *(if federal court, name the district; if state court, name the county and State)*

*Middle district of PA*

3.  Docket or index number

*1:19-cv-2036*

4.  Name of Judge assigned to your case

*Yvette Kane*

5.  Approximate date of filing lawsuit

*11-25-19*

6.  Is the case still pending?

☑ Yes

☐ No

If no, give the approximate date of disposition.

7.  What was the result of the case? *(For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

*Pending*

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

☐ Yes

☐ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.   Docket or index number

_____

4.   Name of Judge assigned to your case

_____

5.   Approximate date of filing lawsuit

_____

6.   Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    3·29·21

Signature of Plaintiff

Printed Name of Plaintiff    Kevin C. ?

Prison Identification #    KX 2601

Prison Address    1200 MokyChic

Collegeville                    PA            19426
                         City                      State              Zip Code

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

                         City                      State              Zip Code.

Telephone Number

E-mail Address

Kevin Coit KX2601
1200 Mokychic drive
Collegeville PA 19426

PA DEPARTMENT OF
CORRECTIONS
INMATE MAIL

neopost
03/29/2021
US POSTAGE $008.55

PRIORITY MAIL

ZIP 19426
041M12252211

Clerk of Courts
easten district court
Civil division
601 Mar Market St
Phila PA 19th 19101

U.S.M.S.
X-RAY





ComPlaint 200 Pages enclosed