# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN COIT** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 21-1568** |
| **v.** | : | |
| | : | |
| **JAIME SORBER**, *et al.* | : | |
| *Defendants* | : | |

# ORDER

**AND NOW**, this 8th day of November 2021, upon consideration of the *motion to dismiss* filed by Defendants Michael Hernandez, Gina Orlando, Kristina Owens, Paul Klimas, Joseph Terra, Ryan Koehler, Joseph Seilus, Jaime Sorber, Charles Hensley, Anthony Calpino, Toni Spivey, Jamal Gilliard, Joshua Nyce, and Amelinda Olivieri (collectively, "Defendants"), [ECF 14], and the allegations in the complaint, [ECF 2], it is hereby **ORDERED** that:

1. Defendants' motion to dismiss is **GRANTED** as to all claims against *only* Defendants Hernandez, Orlando, Owens, Klimas, Terra, Koehler, and Seilus;[1] and

---

[1]      Plaintiff Kevin Coit ("Plaintiff") is a prisoner currently incarcerated at SCI-Phoenix. Plaintiff brought this civil rights action pursuant to 42 U.S.C. § 1983 against numerous officials associated with SCI-Phoenix, alleging that Defendants subjected him to cruel and unusual punishment, unlawful conditions of confinement, retaliation, and denials of his constitutional rights to education, freedom of religion, freedom of association, and due process of law. [ECF 2]. Before this Court is Defendants' motion to dismiss all claims against Defendants Hernandez, Orlando, Owens, Klimas, Terra, Koehler, and Seilus for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), and all claims against Defendants Sorber, Hensley, Calpino, Spivey, Gilliard, Nyce, and Olivieri in their official capacities, as barred by sovereign immunity under the Eleventh Amendment to the United States Constitution. [ECF 14]. This motion was filed on August 21, 2021, and, despite the passage of time, Plaintiff has not filed a response. For the reasons stated herein, Defendants' motion is granted, *in part*, and denied, *in part*, as moot.

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (internal citations omitted).

Here, Defendants move to dismiss Plaintiff's claim against Defendant Hernandez on the basis that a claim challenging the duration of confinement is not cognizable under § 1983. In his complaint, Plaintiff alleges that Defendant Hernandez, a parole supervisor, told him he would not be eligible for parole in the next year or before November 2022 because Plaintiff had too many misconducts. (Compl., ECF 2, ¶¶ 32, 34). The United States Supreme Court has held that a prisoner may not use § 1983 to "challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriquez*, 411 U.S. 475, 489 (1973)). Such a challenge must, instead, be brought through a petition for a writ of *habeas corpus*. *Id.* This principle extends to a claim challenging a parole decision when success on that claim would "necessarily demonstrate the invalidity" of the decision. *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (citing *Wilkinson*, 544 U.S. at 81–81, and *Heck v. Humphrey*, 512 U.S. 477 (1994)). Plaintiff appears to imply that Defendant Hernandez caused a delay in his parole eligibility. As success on Plaintiff's § 1983 claim necessarily would invalidate Defendant Hernandez's parole eligibility determination, the claim is not actionable under § 1983. Accordingly, this specific claim against Defendant Hernandez is dismissed.

Defendants also seek the dismissal of Plaintiff's claims against Defendants Orlando and Owens, arguing that Plaintiff has not sufficiently alleged their personal involvement in any actionable harm. In the complaint, Plaintiff alleges that Defendants Orlando and Owens violated his right to due process when they did not respond to his status requests regarding grievances he had filed. (Compl., ECF 2, ¶¶ 24, 30, 46). Plaintiff also alleges that Defendant Orlando told him that he should never have filed certain grievances, (*id.* ¶ 26), and pressured him to withdraw them, (*id.* ¶¶ 35–36). For an individual to be liable under § 1983, said individual must have had personal involvement in some wrongdoing. *See, e.g.*, *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Notably, prisoners do not have a constitutional right to any grievance procedure. *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997), *aff'd*, 142 F.3d 430 (3d Cir. 1998). As such, a prison official's failure to respond to a prisoner's request regarding a grievance filed cannot constitute a violation of the Constitution. *See id.* Because Plaintiff's only allegations against Defendants Orlando and Owens relate to the grievance procedure, Plaintiff's claims against them are dismissed.

With respect to Plaintiff's claim against Defendant Klimas, Defendants move to dismiss it on the ground that allegations of verbal threats, alone, cannot form the basis of a claim under § 1983. In the complaint, Plaintiff contends only that Defendant Klimas repeatedly "haggled" him about his jacket and threatened him. (Compl., ECF 2, ¶¶ 52–53). "It is well established that '[a]llegations of threats or verbal harassment, without injury or damage, do not state a claim under 42 U.S.C. § 1983.'" *Burkholder v. Newton*, 116 F. App'x 358, 360 (3d Cir. 2004) (citations omitted); *see also Wilson v. Horn*, 971 F. Supp. 943 (E.D. Pa. 1997) (concluding that verbal abuse and harassment did not rise to the level of a constitutional violation), *aff'd*, 142 F.3d 430 (Table) (3d Cir. 1998). As Plaintiff has not pled any injury or damage resulting from Defendant Klimas' alleged verbal conduct, Plaintiff has failed to state a cognizable claim against Defendant Klimas. As such, Plaintiff's claim against Defendant Klimas is dismissed.

Finally, Defendants contend that Plaintiff's claims against Defendants Terra, Koehler, and Seilus should be dismissed because Plaintiff has failed to allege any constitutional violation by these three defendants. In his complaint, Plaintiff alleges that Defendant Terra did not allow him to visit the law library without a pass, (Compl., ECF 2, ¶¶ 28, 55), that Defendant Seilus told him that his outgoing mail needed to include SCI-Phoenix's address and that Plaintiff needed to purchase blank envelopes from the commissary, (*id.* ¶ 27), and that Defendant Koehler told him that he could only have funds deducted from his account to send to his family even though Plaintiff did not identify any official policy to that end, (*id.* ¶¶ 43–44). Rule 8(a)(2) requires a plaintiff to plead "a short and plain statement of the claim showing the pleader is entitled to relief." However, Plaintiff's complaint is devoid of any facts that would give rise to a constitutional claim against these Defendants. Accordingly, Plaintiff's claims against Defendants Terra, Koehler, and Seilus are dismissed.

2.      Defendants' motion to dismiss is **DENIED**, as moot, as to Plaintiff's claims against Defendants Sorber, Hensley, Calpino, Spivey, Gilliard, Nyce, and Olivieri, in their official capacities.[2, 3]

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

[2]      Defendants also move to dismiss Plaintiff's claims against Defendants Sorber, Hensley, Calpino, Spivey, Gilliard, Nyce, and Olivieri, in their official capacities, on the basis that the Eleventh Amendment bars such claims and that these Defendants, acting in their official capacities, are not "persons" amenable to suit under § 1983.  By Order dated May 26, 2021, following a screening of the complaint pursuant to 28 U.S.C. § 1915, this Court dismissed, with prejudice, Plaintiff's claims against all named defendants in their official capacities on the grounds of sovereign immunity.  *See* [ECF 7].  Since the claims against all named Defendants in their official capacities have already been dismissed, Defendants' motion to dismiss Plaintiff's claims against Defendants Sorber, Hensley, Calpino, Spivey, Gilliard, Nyce, and Olivieri in their official capacities is, accordingly, denied, as moot.

[3]      In light of these rulings, the claims remaining are the claims against Defendants Sorber, Hensley, Calpino, Spivey, Gilliard, Nyce, and Olivieri in their individual capacities, and those claims against Defendant Adam Glushakow, who did not join in this motion to dismiss.